UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff<br><br>vs.<br><br>GRAND THEATER FOUNDATION, INC., d/b/a THE GRAND THEATER<br><br>    Defendants. | CASE NO. _____<br><br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff, West Bend Mutual Insurance Company, pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 et seq., seeks a declaration as to its rights and duties under an insurance contract issued to Grand Theater Foundation, Inc. d/b/a The Grand Theater as follows:

## THE PARTIES

1.      Plaintiff West Bend Mutual Insurance Company ("West Bend") is a mutual insurance company that is organized and existing under the laws of the State of Wisconsin, has a principal place of business in West Bend, Wisconsin, and is authorized to write insurance in the State of Iowa.  West Bend is a citizen of Wisconsin.

2.      Defendant Grand Theater Foundation, Inc. d/b/a The Grand Theater ("Grand Theater") is an Iowa non-profit corporation, organized and existing under the laws of the State of Iowa and has a principal place of business in Knoxville, Marion County, Iowa.  Grand Theater is a citizen of Iowa.

## JURISDICTION AND VENUE

3.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff, West Bend, a citizen of Wisconsin, and the Defendant is a citizen of Iowa, and because the amount in controversy, exclusive of interest and costs, exceeds $75,000, as demonstrated by Grand Theater seeking at least $92,000 in damages for the cost of drying and remediating its property at 212 East Robinson Street in Knoxville, Iowa, that suffered water damage on July 29, 2024.

4.      This matter presents an actual controversy under the Declaratory Judgments Act, 28 U.S.C. § 2201(a), because Grand Theater seeks the damages set forth above from West Bend, and West Bend seeks a declaration of non-coverage under its policy with Grand Theater, and to be relieved of any and obligation to pay benefits under the terms of its policy.

5.      Venue is appropriate in the Southern District of Iowa pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(1) and (2) because Defendant's principal place of business and the location of the damaged property are both in this judicial district.

## THE POLICY

6.      West Bend issued a Commercial Property Policy to Great Theater, Policy No. A091028 08, policy period 01/01/2024 to 01/01/2025 (the "Policy"). *See* Policy, Exhibit A. The Policy was in force and effect at all material times. The Policy insured the premises is located at 212 East Robinson Street, Knoxville, Iowa. ("The Theater")

7.      The Policy provides Property coverage via the Building and Personal Property Coverage Form.

8.      The Coverage A insuring agreement provides:

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.  Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

**a. Building,** meaning the building or structure described in the Declarations, including:

**(1)** Completed additions;
**(2)** Fixtures, including outdoor fixtures;
**(3)** Permanently installed:
**(a)** Machinery; and
**(b)** Equipment;

* * *

**CAUSES OF LOSS – SPECIAL FORM**

Words and phrases that appear in quotation marks have special meaning. Refer to Section **G.** Definitions.

**A. Covered Causes Of Loss**
When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

* * *

**B.  EXCLUSIONS**

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the

3

loss or damage caused by that Covered Cause
of Loss.

* * *

        **c.** Faulty, inadequate or defective:
        **(1)** Planning, zoning, development,
        surveying, siting;
        **(2)** Design, specifications, workmanship,
        repair, construction, renovation,
        remodeling, grading, compaction;
        **(3)** Materials used in repair, construction,
        renovation or remodeling

* * *

**C. Limitations**
The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

c. *The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:*

*(1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or*

## THE UNDERLYING CLAIM

9.      On July 29, 2024, Shamrock Hills, LLC d/b/a Shamrock Roofing and Construction ("Shamrock") was installing a new roof on The Theater.

10.     Shamrock had removed the entire roof and replaced it with tarps.

11.     A storm came through the city of Knoxville that night, either damaging or displacing the tarps and resulting in the interior of The Theater being exposed to water through the roof and thereby damaged.

12.     Grand Theater made a claim for damages to The Theater under The Policy. West Bend denied coverage.

4

13.     On March 20, 2025, Grand Theater initiated a lawsuit in the state of Kansas entitled

*Grand Theater Foundation, Inc, d/b/a The Grand Theater v. Shamrock Hill, LLC d/b/a Shamrock*

*Roofing and Construction and West Bend Mutual Insurance Company*, In the 10th Judicial District

Court of Johnson County, Kansas, Case No. JO-2025-CV-000543.  ("Kansas Lawsuit")

14.     In the Kansas Lawsuit, Grand Theater alleged each of the following facts to be true:

*On or about May 16, 2024, The Grand Theater entered into a contract with Shamrock to replace the roof on its community theater located at 212 E Robinson Street, Knoxville, Iowa 50138.*

*Pursuant to Shamrock's request, Shamrock and/or its agents commenced work on or about July 29, 2024.*

*Upon information and belief, heavy rains were forecasted for the week of July 29, 2024, but Shamrock chose to proceed with the roof replacement notwithstanding the forecast.*

*Despite weather warnings, Shamrock and/or its agents removed all the roofing in one day, leaving the decking beneath the roof exposed.*

*Shamrock failed to adequately secure or protect the exposed areas of the roof, despite knowing or having reason to know of the forecasted storm and the risk of water intrusion.*

*Upon infom1ation and belief, at or about the time the storm began on or about July 29, 2024, Shamrock negligently placed a tarp over the roof structure that was insufficiently durable to cover and protect the building from the reasonably anticipated weather-related risks.*

*As a direct and proximate result of Shamrock's failure to properly protect the property, a significant amount of water entered the interior of the community theater resulting in damage to the ceilings, walls, flooring, personal property, and other components of the property.*

*In addition to the damage to property, the water intrusion necessitated professional debris removal and cleaning services .*

*Upon information and belief, the wooden decking was not given time to dry prior to further construction of the roof thus creating risk of mold and fungal issues for The Grand Theater.*

*Shamrock owed a duty to Plaintiff to perform its work in a reasonable and workmanlike manner, including taking reasonable precautions to protect the property from foreseeable harm.*

*Shamrock breached its duty by failing to secure and protect the exposed roof during the anticipated storm and failed to otherwise meet the operative standard of care.*

*As a direct and proximate result of Shamrock's negligence, Plaintiff has suffered damage, including but not limited to costs of repair, costs of clean up and debris removal, loss of use, diminution in value, and other incidental and consequential damages including, but not limited to, damage to the decking beneath the roof, projectors, screens, seats, flooring, ceiling, pipes, and insulation*

*WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Shamrock and in favor of Plaintiff in such amount as is allowable by law and to be determined at trial, in excess of $75,000, for pre- and post-judgment interest at the greatest rate allowed by law, for Plaintiff's costs and attorneys' fees, and for such other and further relief as may be just and proper under the circumstances.*

### COUNT I – DECLARATORY JUDGMENT
### <u>NO COVERAGE FOR THE DAMAGED ROOF</u>

15.     West Bend repleads the allegations of paragraphs 1 – 14 as if set for the verbatim.

16.     The Policy requires damage to the roof or walls by a covered peril.

17.     The tarps themselves were not part of the roof structure.

18.     Therefore, there is no coverage for damages to the roof.

### COUNT II – DECLARATORY JUDGMENT
### <u>NO COVERAGE FOR INTERIOR DAMAGES  - EXCLUDED</u>

19.     West Bend repleads the allegations of paragraphs 1 – 18 as if set forth verbatim.

20.     As set forth above, the Policy excludes coverage for loss or damage due to

c. Faulty, inadequate or defective:

2. Design, specifications, workmanship, repair, construction, renovation,

remodeling, grading, compaction;

3.  Materials used in repair, construction, renovation or remodeling…

21.     The water intrusion and resulting damage to The Theater was caused by the negligence of Shamrock as described by Grand Theater in the Kansas Lawsuit.

22.     For all these reasons, there is no coverage under the West Bend Policy for any interior damages to The Theater.

### COUNT III – DECLARATORY JUDGMENT
### NO COVERAGE FOR INTERIOR DAMAGES  - LIMITATIONS

23.     West Bend repleads the allegations of paragraphs 1 – 22 as if set forth verbatim.

24.      The Policy contains the following limitations:

**C. Limitations**

The following limitations apply to all policy forms
and endorsements, unless otherwise stated:

**1.** We will not pay for loss of or damage to
property, as described and limited in this
section. In addition, we will not pay for any loss
that is a consequence of loss or damage as
described and limited in this section.

**c.** The interior of any building or structure, or
to personal property in the building or
structure, caused by or resulting from rain,
snow, sleet, ice, sand or dust, whether
driven by wind or not, unless:

**(1)** The building or structure first sustains
damage by a Covered Cause of Loss to
its roof or walls through which the rain,
snow, sleet, ice, sand or dust enters;

25.     In this loss, the interior damage of The Theater was not first caused by a Covered Cause of Loss to the roof or walls where rain entered.  Rather, water entered the interior because the roof had been removed during construction by Shamrock.

26. For all these reasons, there is no coverage under the West Bend Policy for any interior damages to The Theater.

## **REQUESTED RELIEF**

27. West Bend hereby requests a declaration from the Court as to its rights and duties under the Policy and specifically requests that the Court enter an order declaring that there is no coverage for the alleged damage to The Theater under The Policy as described herein and claimed by Grand Theater.

WHEREFORE, Plaintiff, West Bend Mutual Insurance Company, respectfully requests that the Court enter an order declaring and granting the relief set forth above.

**LEDERER WESTON CRAIG PLC**

By  /s/ *J. Michael Weston*
    J. Michael Weston AT0008405
    118 Third Avenue SE, Suite 700
    P. O. Box 1927
    Cedar Rapids, IA  52406-1927
    Phone: (319) 365-1184
    Fax: (319) 365-1186
    E-mail:  mweston@lwclawyers.com

**ATTORNEYS FOR PLAINTIFF**
**WEST BEND MUTUAL INSURANCE**
**COMPANY**